MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately to comment on what I perceive to be an apparent lack of precision in this Court’s assessment in Town & Country Property, L.L.C. v. Amerisure Insurance *172 Co., 111 So.3d 699, 710 (Ala.2011) (an opinion in which I concurred), of whether faulty workmanship is covered under the terms of today’s standard form comprehensive general-liability policy.
The main opinion accurately quotes this Court’s decision in Town & Country as follows:
“ ‘[W]e may conclude that faulty workmanship itself is not an occurrence but that faulty workmanship may lead to an occurrence if it subjects personal property or other parts of the structure to “continuous or repeated exposure” to some other “general harmful condition ” (e.g., the rain in Moss [v. Champion Insurance Co., 442 So.2d 26 (Ala.1983) ]) and, as a result of that exposure, personal property or other parts of the structure are damaged.’ ”
126 So.3d at 163 (quoting Town & Country, 111 So.3d at 704) (emphasis added). In retrospect, I question the precision of the quoted passage, particularly the emphasized portions. Consistent with the opinion issued today, I would state the rule as follows: “faulty workmanship itself’ is not “property damage” “caused by” or “arising out of’ an “occurrence.” That is, the fact that the cost of repairing or replacing faulty workmanship itself is not the intended object of the insurance policy does not necessarily mean that, in an appropriate case, additional damage to a contractor’s work resulting from faulty workmanship might not properly be considered “property damage” “caused by” or “arising out of’ an “occurrence.”
Of course, where a “your work” exclusion[4] is applicable, the foregoing refinement of our statement in Town & Country would make no difference.

. Among other things, the "your work” exclusion in the standard comprehensive general-liability policy provides that " 'property damage' to 'your work’ arising out of it or any part of it and included in the products— completed operations hazard” is excluded from coverage. The standard form comprehensive general-liability policy, however, excepts from this exclusion (i.e., the policy covers) subsequently damaged work when that work, or the work out of which the subsequent damage arises, has been performed by a subcontractor.